# 99 DTA 184

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VI DE CAGUAS, HUMACAO Y GUAYAMA

LIZA ANNETTE VIDAL HERNANDEZ, EN REPRESENTACION
DE SU HIJA MENOR GABRIELA ALESSANDRA MEDINA VIDAL
Demandante-Recurrente

v.

SALVADOR ENRIQUE MEDINA RIVERA
Demandado-Recurrido

ALEX W. GONZALEZ RUIZ
Demandado-Peticionario

Núm. KLCE-99-00294

San Juan, Puerto Rico, a 19 de mayo de 1999

Panel integrado por su Presidenta, la Juez Rivera de Martínez
y los Jueces Colón Birriel y Soler Aquino

Colón Birriel, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

**I**

Mediante nuestra *"Resolución"* de 5 de abril de 1999, el Panel Sustituto de Caguas, Humacao y Guayama, compuesto por su Presidenta, la Juez Rivera de Martínez, y los Jueces Colón Birriel y Rivera Pérez, a los efectos de atender las solicitudes de auxilio de jurisdicción y asuntos urgentes del período del 29 de marzo al 12 de abril de 1999, denegaron el recurso de *certiorari* y el auxilio de jurisdicción presentado por el peticionario Alex W. González Ruiz *("González"),* por razón de resultar académicos los remedios solicitados.

González recurrió de una orden emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, el 2 de marzo de 1999, notificada en igual fecha, mediante la cual se le ordenó a éste, a la demandante Liza Annette Vidal Hernández, a su hija menor de edad, Gabriela Alessandra Medina Vidal y al recurrido Salvador Enrique Medina Rivera, comparecer el 5 de abril de 1999, a las 8:00 a.m. al Departamento de Patología de la Escuela de Medicina de la Universidad de Puerto Rico, a someterse a la prueba de Histocompatibilidad (H.L.A.), a los fines de determinar la paternidad de la referida menor.

Surge de los autos, que el recurso se presentó el 31 de marzo de 1999, a las 4:59 de la tarde y la solicitud en auxilio de jurisdicción, encaminada a paralizar la orden recurrida, el 5 de abril de 1999, a las 9.01 a.m. Surge meridianamente claro, que a la fecha de la presentación del auxilio, la orden recurrida, de haber comparecido los concernidos, se estaría llevando a cabo. Siendo ello así, tanto el auxilio como el recurso resultaban ser académicos según expresáramos anteriormente.

Así las cosas, González solicitó el 12 de abril de 1999, reconsideración a nuestro dictamen. Nos informó: a) que no compareció el 5 de abril de 1999 a realizarse la prueba ordenada por no tener conocimiento al no ser notificado de la referida orden; b) que, como consecuencia de su incomparecencia, el foro recurrido señalaría una nueva fecha para la realización de la prueba de H.L.A. a los concernidos; y c) nos solicitó la reconsideración de nuestro dictamen del 5 de abril de 1999, que paralizáramos los efectos de la orden recurrida y finalmente expidiéramos el auto solicitado.

En mérito a lo expuesto, el Panel Sustituto, luego de considerar los méritos de la reconsideración solicitada, procedió a dejar sin efecto su dictamen del 5 de abril de 1999. Posteriormente, el recurso y el auxilio de jurisdicción fueron referidos al Panel en propiedad, es decir, al Circuito Regional VI de Caguas, Humacao y Guayama, compuesto por su Presidenta la Juez Rivera de Martínez, y los Jueces Colón Birriel y Soler Aquino. Estando en condiciones de considerar el recurso en sus méritos, así lo hacemos. Veamos.

## II

Los hechos que dan lugar a la presentación del recurso, según se alegan en los escritos y sin pasar juicio sobre los mismos, se relatan a continuación.

Allá para el mes de noviembre de 1990, Liza Annette Vidal Hernández *("Vidal")*, contrajo matrimonio con el aquí co-demandado, Salvador E. Medina Rivera *("Medina")*. El matrimonio Medina Vidal se divorció en enero de 1993. Durante el matrimonio la pareja no procreó hijos. Luego del divorcio, Vidal mantuvo una relación sentimental con González, en la cual no procrearon hijos.

Tiempo después, a principios del año 1994, Vidal y Medina vuelven a convivir, esta vez en concubinato. A finales de ese año y a principios de 1995, Vidal y González reanudaron sus relaciones sentimentales, quedando Vidal alegadamente embarazada de éste el 27 de enero de 1995. Como fruto de dicha relación, nació el 26 de septiembre de 1995 la niña Gabriela Alessandra Medina Vidal *("Gabriela Alessandra")*.

Así las cosas, entendiendo Medina que él era el padre de Gabriela Alessandra, procedió a inscribirla voluntariamente en el Registro Demográfico, como su hija. Al momento del nacimiento de Gabriela Alessandra, Medina convivía con Vidal.

En julio de 1996, termina la relación de concubinato entre Medina y Vidal. Ante esta situación y conociendo Vidal que no había sostenido relaciones sexuales con ningún otro hombre ajenos a Medina y González, le surgen dudas respecto a quién pudiera ser el verdadero padre de Gabriela Alessandra. Ante esa incertidumbre, le solicitó tanto a Medina como a González que se sometieran a una prueba de H.L.A. a los fines de determinar quién era el padre de la menor Gabriela Alessandra. Medina se sometió a la prueba, no así González, quien se negó a ello. El 1 de noviembre de 1996, el Laboratorio de Histocompatibilidad del Recinto de Ciencias Médicas de la Universidad de Puerto Rico rindió un informe descartando a Medina como el posible padre de Gabriela Alessandra.

Así las cosas, y ante la negativa de González de someterse a la prueba de H.L.A., Vidal, en representación de Gabriela Alessandra, presentó ante el Tribunal de Primera Instancia, Sala Superior de Caguas, una demanda de filiación contra Medina y González. Alegó, entre otras cosas, que Gabriela Alessandra *"tiene derecho a buscar su propia y verdadera filiación y la desidia e inacción del Co-Demandado, Alex W. González Ruiz, se la impide."*

Oportunamente, tanto Medina como González contestaron la demanda. El primero, es decir Medina, aceptó las alegaciones contenidas en la demanda. Por su parte, González contestó la demanda, negó y aceptó algunas de las alegaciones y formuló ciertas defensas afirmativas.

Por otro lado, Vidal en representación de Gabriela Alessandra presentó varias mociones solicitando al foro recurrido que ordenara a las partes someterse a las pruebas de H.L.A. Igual solicitud formuló el recurrido Medina.

Trabada la controversia el foro recurrido nombró al Lcdo. Carlos I. Berríos Concepción, Procurador de Relaciones de Familia, como defensor judicial de Gabriela Alessandra.

Luego de varios incidentes procesales, González presentó una moción de desestimación en la cual alegó, entre

otras, a) la posibilidad de que la demanda de filiación presentada en su contra fuese una acción concertada entre Vidal y Medina, y b) que la acción se había instado fuera del término legal prescrito, por lo que la misma había caducado.

El foro recurrido declaró la moción de desestimación no ha lugar y, por consiguiente, ha lugar la solicitud presentada por Vidal para someter a las partes a las pruebas de H.L.A. Ordenó a todas las partes a someterse a pruebas de H.L.A. a realizarse el 5 de abril de 1999, en el Departamento de Salud. El costo de las pruebas, ascendente a $780.00, sería sufragado en partes iguales por Vidal, Medina y González.

Inconforme, el peticionario recurre con el siguiente planteamiento de derecho:

*"Mediante el presente recurso se pretende resolver, si el padre que reconoce voluntariamente a un hijo fuera de matrimonio, tiene "standing" o acción legitimada para solicitar pruebas de histocompatibilidad y así impugnar un reconocimiento voluntario luego de más de tres años, a pesar de las disposiciones del Artículo 117 del Código Civil de Puerto Rico (31 L.P.R.A. sec. 465)."*

### III

En esencia, el planteamiento de González se circunscribe a determinar si Medina tiene *"standing o acción legitimada"* para solicitar pruebas de histocompatibilidad a los fines de impugnar el reconocimiento voluntario que hizo de Gabriela Alessandra, luego de transcurridos más de tres (3) años de haberla reconocido, no obstante su acción estar caduca.

Como paso previo a resolver la controversia ante nuestra consideración debemos señalar que el planteamiento de González es sorprendente por demás. De un examen de los autos ante nuestra consideración, se desprende con meridiana claridad que quien hizo la solicitud para las pruebas de histocompatibilidad fue Vidal, en representación de su hija menor de edad Gabriela Alessandra, no el co-demandado recurrido Medina, como alega González.

No coincidimos con la teoría de González respecto a que nos encontramos ante una impugnación de reconocimiento voluntario por parte de quien voluntariamente hizo el reconocimiento. Por el contrario, la acción ante nuestra consideración, a nuestro juicio, versa sobre una acción de filiación instada por una madre (Vidal) en representación de su hija menor de edad (Gabriela Alessandra), cuyo objetivo es determinar la verdadera filiación de la menor e impugnar el reconocimiento voluntario que en un tiempo realizara el padre registral (Medina). Sin embargo, reiteramos que en el presente caso la acción es una presentada por Vidal en representación de su hija menor de edad Gabriela Alessandra.

Hace más de una década nuestro Tribunal Supremo en el caso de *Robles López v. Guevárez Santos,* 109 D.P.R. 563 (1980), estableció claramente que independientemente de las disposiciones del Art. 116 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 464, un hijo puede impugnar su presunta paternidad a los fines de reclamar su verdadera filiación. A esos efectos estableció que bajo las disposiciones de las Sec. 1 del Art. 11 de la Constitución de Puerto Rico --que consagra como inviolable a la dignidad del ser humano-- se concede el derecho a una persona a la búsqueda y determinación de su verdadera paternidad, aunque en ello vaya envuelta la impugnación de su presunta paternidad. En ese sentido expresó nuestro más alto foro:

*"Es atributo de esa dignidad, y medio de hacer viable la protección contra el discrimen, la búsqueda y determinación de la paternidad cuestionada."*

Gabriela Alessandra, al igual que en el caso de *Robles López v. Guevárez Santos, supra,* nació protegida por la Sec. 1 del Art. II de nuestra Constitución.

El Artículo 126 del Código Civil de Puerto Rico, 31 L.P.R.A sec. 505, establece que el hijo natural puede establecer la acción de reconocimiento contra sus padres en vida de éstos y la acción de filiación dentro del año siguiente a la muerte de éstos, *Ortiz v. Sucn. González*, 93 D.P.R. 562 (1966), excepto cuando el padre o la madre haya muerto durante la menor edad del hijo, en cuyo caso éste podrá ejercitar la acción dentro de los cuatro años siguientes a haber cumplido la mayor edad, *Texidor v. Tribunal Superior*, 94 D.P.R. 666 (1967), o si después de la muerte del padre o de la madre apareciere algún documento del que antes no se hubiese tenido noticia y en el cual reconozcan al hijo, en cuyo caso la acción deberá ejercitarse dentro de los seis meses siguientes al hallazgo del documento.

Por otro lado, cabe señalar que mediante la Ley Núm. 10 de 16 de julio de 1990, se enmendó el apartado (c) de la Regla 82 de Evidencia, 32 L.P.R.A. Ap. IV, R. 82 (C), a los fines de hacer mandatorio para el tribunal, requerir a todas las partes en las controversias sobre paternidad que se sometan a los exámenes de sangre de mediar oportuna moción de parte a tales fines. Ello con el fin de agilizar el establecimiento de la paternidad en tales casos. *Pueblo v. Maisonave Rodríguez*, 129 D.P.R. 49 (1991).

De lo expuesto anteriormente, se desprende que la menor Gabriela Alessandra no tan sólo tiene derecho, sino que está en tiempo de radicar su acción de filiación y también tiene el derecho a solicitar a las partes se sometan a las correspondientes pruebas de histocompatibilidad con el fin de establecer su verdadera filiación.

En un caso de filiación donde la paternidad está en controversia, se puede utilizar la prueba H.L.A., que sólo puede arrojar una posibilidad relativa de paternidad, como un elemento más para llegar a una conclusión, luego de aquilatada toda la prueba para el juzgador, sobre si el presunto padre no excluido por la prueba H.L.A. es o no es el padre biológico. Advertimos que al igual que en la utilización de otras pruebas científicas en pleitos de filiación, el tribunal tiene el ineludible deber de ponderar cuidadosamente la admisibilidad del resultado de estas pruebas y de ser admitidas adjudicar su justo valor probatorio junto al resto de la evidencia en el caso, Regla 82 (B); 19 y 11 de Evidencia, 32 L.P.R.A. Ap. IV. *Rivera Pérez v. León Rallat*, **95 J.T.S. 93**, res. en 30 de junio de 1995.

En mérito a lo expuesto, denegamos la expedición del recurso, así como el auxilio de jurisdicción.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General